IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMUEL COLLAZO,<br><br>Plaintiff,<br><br>v.<br><br>COMMN'R OF SOC. SEC.,<br><br>Defendant. | CIV. NO.: 12-1521(SCC) |

**MEMORANDUM AND ORDER**

    Plaintiff Samuel Collazo asks this Court to review the decision of Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability benefits. After a review of the record and the parties' memoranda, I reverse the Commissioner's decision and remand for further proceedings.

## *STANDARD OF REVIEW*

Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if I determine that substantial evidence supports the ALJ's findings, even if I would have reached a different conclusion had I reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of my review is limited. I am tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be

| COLLAZO v. COMMISSIONER | Page 3 |
|---|---|

reversed if his decision was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3).

    The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

    If the plaintiff is not determined to be disabled at step three,

his residual functional capacity ("RFC") is assessed. 20 C.F.R. §§ 404.1520(a)(4), (e). Once the RFC is determined, the inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

## *BACKGROUND AND PROCEDURAL HISTORY*

Plaintiff made his initial application for disability benefits on October 5, 2009, alleging that his disability began on December 31, 2004. The claim was denied, as was reconsideration. Plaintiff then requested a hearing, which was held on November 17, 2010. The ALJ determined that Plaintiff was not disabled as of his last-insured date, which was December 31, 2004. The appeals council refused to review the ALJ's decision, and he filed this appeal.

The ALJ determined at Step One that Plaintiff had not engaged in any substantial gainful activities between his

alleged disability onset date and his last-insured date. TR. at 23.[1] At Step Two, however, the ALJ determined that while Plaintiff had various medically determinable impairments as of his last-insured date, they were not disabling. *Id.* The ALJ reached this conclusion by looking at the only pre-2004 medical records that Plaintiff had produced, which were treatment records from Plaintiff's internist, Dr. Acevedo, from 2001 and 2002. *See id.* at 23–24. These records showed hypertension, abnormal liver function, and various other ailments, but according to the ALJ Plaintiff "did not follow any additional treatment afterwards." *Id.* at 23. The ALJ's opinion further states that Plaintiff "did not return to medical treatment until October 2008," by which point his condition had significantly worsened. *Id.* at 24. Based on the minimal pre-2004 records and Plaintiff's lack of treatment history, the ALJ determined that Plaintiff had not been severely impaired as of his last-insured date. *Id.* at 24–25. Accordingly, the ALJ found that Plaintiff was not disabled.

---

1. I will refer to the Social Security Transcript as "TR." throughout.

## *ANALYSIS*

Plaintiff's allegations focus on what he says was a failure of the ALJ to fully develop the record. Specifically, Plaintiff contends that the ALJ should have subpoenaed certain other medical records from before Plaintiff's last-insured date, which Plaintiff says he could not afford to pay for himself. In the specific context of this case, I agree with Plaintiff.

As a general matter, it is incumbent upon the person seeking disability benefits to show his entitlement to those benefits. However, given that Social Security proceedings "are inquisitorial rather than adversarial," the ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000). This is especially true where, as here, the petitioner was unrepresented at the hearing, in which case "the ALJ has a heightened duty to develop the record." *Mandziej v. Chater*, 944 F. Supp. 121, 130 (D.N.H. 1996) (citing *Heggarty v. Sullivan*, 947 F.2d 990, 997 (1st Cir. 1991)); *see also Mickevich v. Barnhart*, 453 F. Supp. 2d 279, 287 (D. Mass. 2006). To this end, the ALJ has a duty to develop the record and fill evidentiary gaps when doing so would not require "undue effort" on his part—for example "by ordering easily obtained further or more com-

| COLLAZO v. COMMISSIONER | Page 7 |
|---|---|

plete reports." *Currier v. Sec. of Health, Educ. & Welfare*, 612 F.2d 594, 598 (1st Cir. 1980). Remand for failure to develop the record is appropriate where "that further evidence is necessary to develop the facts of the case fully," and where the "evidence is not cumulative" and its "consideration . . . is essential to a fair hearing." *Evangelista v. Sec. of Health & Human Servs.*, 826 F.2d 136, 139 (1st Cir. 1987). Plaintiff need also show good cause for his failure to produce the evidence. *Heggarty*, 947 F.2d at 997.

During the hearing, Plaintiff testified that his condition originated in 2004, though it was not diagnosed until 2008. TR. at 34. When asked about the lack of medical evidence, Plaintiff's wife testified that she had tried to secure records from another doctor—a Dr. Méndez—that Plaintiff had seen in 2004, when his condition began to worsen, but she could not afford the fee that the doctor wanted for the medical records. *Id.* at 37–40. The ALJ closed the hearing without inquiring into what transpired during Plaintiff's treatment by Dr. Méndez, and he did not subpoena Dr. Méndez's treatment records after the hearing, though he was empowered to do so. I find that this was error requiring remand.

The ALJ's conclusion that Plaintiff was not disabled as of

his last-insured date was based in large part on the dearth of medical records, coupled with a lack of treatment history. In this context, the relevance of Dr. Méndez's records is obvious: according to Plaintiff's wife, they show worsening symptoms from the 2001–02 records, and they moreover show that Plaintiff *did* seek further treatment before his last-insured date. Furthermore, Plaintiff had good cause for his failure to produce the records: poverty. In these circumstances, and especially considering that Plaintiff was unrepresented, the ALJ should have taken it upon himself to secure the records of Plaintiff's treatment by Dr. Méndez, which would have filled some of the crucial gaps in the evidentiary record. *Cf. Baker v. Bowen*, 886 F.2d 289, 290 (10th Cir. 1989) (holding that where ALJ had not fully developed the record, "his reliance on the dearth of objective medical evidence" was "erroneous"); *Donato v. Sec. of Dep't of Health & Human Servs.*, 721 F.2d 414, 419 (2d Cir. 1983) (similar).

Remand is necessary so that the Commissioner can consider the entire record of Plaintiff's treatment.

## *CONCLUSION*

For the reasons stated above, I VACATE the decision of the

Commissioner and REMAND this matter for further proceedings consistent with this opinion.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE